Mr. Carpenter, on behalf of Mr. Hamlin, Mr. Hamlin is an attorney seeking review of a decision of the Veterans Court concerning the right to collect a fee under 38 U.S.C. section 5904. This case, I believe, is controlled by the recent decision in this court, Carpenter, that deals with an interpretation of 5904 as it relates to what constitutes a case. The case in this case was the claim for dependency and indebted compensation, referred to normally by the VASDIC. I have a hard time following this. Let's start out. There's no agreement between the child and Mr. Hamlin, right? No agreement. Other than the agreement made on his behalf by his mother. He doesn't have the authority to make an agreement on behalf of a minor child. So the question is whether the statute here somehow confers authority on her to make an agreement on his behalf. And if I understand you correctly, and correct me if I'm wrong, you're arguing that the statute does confer authority on her to make an agreement on the child's behalf. Am I understanding that correctly? Yes, because of the nature of the claim or case involved. The case here involves the right to dependency and indemnity compensation. You can't get dependency and indemnity compensation either as a minor or as a disabled adult child without a surviving spouse when there is a surviving spouse. There was a surviving spouse here. In other words, those claims are inextricably intertwined under the statutes relied upon by both the VA and the Veterans Court, 1311B and 1314B. Both of those require the togetherness, if you will, of the claim by the surviving spouse and the disabled minor child or the disabled adult child. Where does the statute give her the authority to make the claim on behalf of the minor, of the so-called helpless child? It's not a question of making the claim, Your Honor. It's a question of the claim was made for the right to this type of compensation by the parent. The parent was the only one that could make that claim. When the claim was made, the child was a minor. The child could not make the claim on his own behalf? No. How do we know that? Because there is a separate statute that provides for the child to make the claim when there is no surviving spouse. The additional subsection in 1311, no, 1314 provides for an alternative claim when there is not a surviving spouse but there are surviving dependents, i.e. minor children in this case. And that's when the claim… Why is it that the Department of Veterans Affairs has taken the position that the helpless child can't make a claim on his own behalf? I don't know, Your Honor, but it's not really pertinent to this case because it arose at a time in which the only claim to be made was a claim for dependency and indemnity compensation. Let me just see if I understand. There's no question that an adult, helpless child can make a claim under 1314 and doesn't need his mother or whatever to make that claim, correct? I'm sorry, Your Honor, that's not correct. He can't make a claim under 1314? No, not so long as there is a surviving spouse, and that is the statute under which both claims were awarded. The surviving spouse and the dependent minor child had the right to DIC compensation, and as an adult disabled child, the surviving spouse and the adult disabled child had the same claim but for additional compensation because of the minor child and because of the disabled child. Are you saying that he can't come under 1314 until – let's assume she, as in this case, she won the award under 1310 for the surviving spouse and the dependent children, and then they discovered, as they did in this case, whoever discovered it, that, oh, he might be able to get separate and apart another amount of money as a helpless child given that he's majority age. Right. Are you saying that he couldn't go in for those 1314 benefits unless the mother did what? I mean, unless she came in with him? Unless there was a surviving spouse. Yeah. Oh, okay. So your answer is he can go in on his own for 1314 as long as somebody has prevailed, the surviving spouse has previously prevailed on the 1310. That's correct. That's right. And that is the claim, and that is the case that started all the way back in 1991. Well, there's a relationship between – yeah, I understand. So your view is that there's a relationship between those two. My question is, conceding that there's a relationship between those two claims, conceding that one is a prerequisite of the other, why does that answer Judge Dyke's question, which is what gave her the authority to enter into an attorney's fees arrangement with respect to the 1314 claim? Because of the nature of the way in which Congress, and I agree in a rather obtuse way, wrote 5904. When they wrote 5904, they did not talk in terms of claim, they did not talk in terms of individual or individuals that would have claims. They talked in terms of the case. Well, wait a minute. You're talking about C1. C1 talks about the case, C2 does talk about persons or individuals, and D does talk about claims. So you're saying it only talks about the case, you're referring to C1. To C1. And that was the grounds on which the lower court narrowed its decision. But whether you call it a case or a claim, at the time of the triggering event which permitted the fee agreement to be entered into under 5904, there was an adverse decision on the denial of what the board called the service-connected debt. That's an inaccurate characterization of the claim or the case, because it was a claim or a case about the right to dependency and indemnity compensation. And the reason that that original board decision was found incorrect was because the board only considered cause of death as it related to a service-connected condition, as opposed to, as Mr. Hanlon pointed out to the court, the right to consider cause of death due to VA medical treatment under 38 U.S.C. 1151. And so that board decision was vacated and remanded for re-adjudication. At that point, the claim, the case, the matter at issue, regardless of what umbrella you put that under, was still only about the right to dependency and indemnity compensation. Let me ask you, what does dependency mean in your view? Dependency, if I have a 21-year-old son under this statute, is he considered a dependent or not a dependent? Do you exclude someone from dependency once they reach majority age? The VA does unless, before turning 18, that child is demonstrated to be incapable of, I can't remember the precise words, incapable of independent support or incapable of self-support is the phrase used. So if, could I just understand this, if we reject your position and we say that the helpless child could make a claim on his own behalf, even if there was a surviving widow, you would lose this case, right? Absolutely. You would have to interpret 1314 to permit a claim independent of the mother to be made arising out of the case in this case. So this case turns on whether the helpless child can make his own claim, in which event he'd have to have his own fee agreement with a lawyer, or whether he has to go through his mother. And you say if he has to go through his mother, the mother can make a fee agreement, which covers his portion of the recovery. That is correct as it relates to 1314. However, I think that there is a broader obligation for you to be consistent with the Carpenter case in the definition of what constitutes a case. And the case here is about the right to dependency and indemnity compensation, not the intervening claims or multiple claims at issue. In Carpenter, there was just one veteran. Here there are two potential claimants. And what's critical to understand in this case is that Mr. What's the Carpenter case? The Carpenter case was an interpretation of 5904C by this court, in which the court held that a claim for a clear and unmistakable error was part of the same case as the claim for a total rating based on unemployability, and that there was only one board decision on a total rating for individual unemployability, and the court had ruled that a separate fee agreement was required for the separate claim to revise that earlier decision. This court overruled that by interpreting the 5904C, covered the term case more broadly, and that you have to examine what the case is. And the case in controversy, if you will, or the nature of the underlying claim, is the right to dependency and indemnity compensation. And interpreting 5904 consistent with Carpenter, I don't believe you can get into a discussion about who has the authority to enter into but whether there was a valid contract entered into under 5904. And there are specific criteria set out by the statute, the first of which under 5904C is a prior unfavorable decision in which the fee agreement was entered into within one year of that board decision, and that is the case here. And then it is a matter of are there derivative claims thereafter, and if there are derivative claims thereafter, they go back to the genesis or the beginning case under 5904C. Where's the language about derivative claims thereafter? In the Carpenter case, that's discussed in there. They don't use the term derivative. They talk about all claims reasonably raised by the evidence, I believe is the phrase that they use. That derivative language was my own. Okay, so for you that's the same thing. Well, yes, that any claim that is reasonably raised by the record, and obviously the claim here was reasonably raised by the record because of one, the minority of Mr. Stoner II, and second, when he turned adult, even though they accepted the claim after the entitlement was established, they took it all the way back to the conversion from his minority to his majority. You're not asking for a fee depending on the fees between his minority and majority, are you? He was granted fees for the minority. For the additional benefits that were paid to the mother, he was actually awarded a fee based upon that award of past due benefits. That was the original award under 1310. That was correct, and that extended, I believe, for two months, possibly three months of his actual minority from the date of death of his father until he turned 18. Okay. You're into your rebuttal time, Mr. Clark. Thank you. Thank you. May it please the Court, on behalf of the Department of Veterans Affairs, Your Honors, this Court should defer. What's the Department's position on whether the helpless child, so-called, has the right to make an independent claim or whether he has to do it through the mother? Your Honor, we believe that the helpless child does have a right to make an independent claim, and that right is set forth in 1314A, which says that where a child is entitled to DIC, dependent constation. But Mr. Carpenter is correct that a prerequisite to a so-called potential helpless child filing under 1314 is that his mother has prevailed under the DIC 1310, correct? Well, not exactly, Your Honor. Mr. Carpenter is correct only to the extent that a prerequisite to being entitled to 1314 fees is a determination that the child is entitled to DIC. However, that doesn't necessarily have to come via a parent or a mother. 38 U.S.C. 1313 allows a child to establish his entitlement to DIC on his own. Even though the mother is alive, even though there's a surviving spouse. Well, Your Honor, the way that the statutes work, if the spouse is alive, the child doesn't need to make that determination. Let's forget need to. Sure. Can the child, if there's a surviving spouse and there's a helpless child, can the helpless child proceed independently to make a claim for DIC compensation? The mother says, it's too much trouble. I don't want to do it. Can the child go on his own and do it? Under 1314? Well, under any provision. Well, under 1311, Your Honor, if the spouse is entitled to DIC and there is a minor child, she's automatically entitled. No, but you're not answering my question. The surviving spouse has no interest in claiming compensation. She just won the lottery. She has $100 million. She doesn't care. She doesn't want to share. And she doesn't want to share with her child. And the child says, I'd like to proceed on my own to make a claim for compensation. Can the child do that? As a minor under 1313, if he's not already receiving DIC, yes, he still can. I do believe he can still bring a claim for DIC. Well, what if he's not a minor? What if he's 21 years old and he wants to go under 1314? 1314 isn't for minors, right? It's for a helpless child who's reached majority age. Well, the language of the statute, you're correct, Your Honor, does state that a prerequisite is a previous establishment of DIC. So the reason he was able to get the benefits under 1314 in this case is undoubtedly the fact that his mother had satisfied the prerequisite of 1310, correct? In part, I don't want it to seem that if a minor has established a right to DIC benefits that under 1314 they automatically get them. Well, no, I'm not suggesting that he's automatically entitled, that it's a necessary prerequisite. It's not the same thing.  Let me turn your attention to another issue, and that is the extent to which the Board and the Court of Veterans Claims relied on the C1 provision and this requirement that you can't be charged or allowed or paid for services before the date of the Board of Veterans' Appeals decision. If in this case, hypothetically, Mr. Stoner, number two, the child, had entered in to a fee agreement at the same time or a few months after his mother did when he reached 18 or whatever with an attorney saying that, yeah, and as a result of 1310, I go to 1314 to get my helpless child's stuff and I win, then I agree to award 20%. Would that be a valid agreement, the fee agreement that the VA would recognize? Your Honor, it would not because if there's no final Board decision, well, the fee agreement itself would be valid, but the attorney wouldn't be entitled to fees under 5904 because in addition to there being a valid fee agreement filed with the Board, there also has to be a final Board decision with respect to the claim that's raised, the claim being the son's entitlement to benefits under 1314. In this case, there was no final Board decision with regards to the helpless child benefits because the son, Mr. Stoner, number two, as you called him, went to the VA and on his first try, he received those benefits that he sought. So if there had been a Board decision, the answer to Judge Prost's question is that he could make his own agreement with the lawyer and agree to pay the lawyer 20%? Yes, Your Honor. If there had been a Board decision not on the initial claim of the 1310 because there was, you're saying there has to be – he has to have lost before the Board saying that you're not entitled to the helpless child benefits under 1314 in order for him to be able to reach – engage in a fee agreement? Is that what you're saying? That is what I'm saying, Your Honor, because as this court has essentially stated in, I believe it was Stanley, those original proceedings before the VA are intentionally not meant to be that complex or contentious. And so attorneys aren't necessarily entitled to receive fees for work done when really all that needs to be done at that point is prepare an application requesting benefits under the specific statute, as was the case here. Mr. Stoner went to the VA. His claim wasn't contentious or complex. As soon as he went to the VA with his claim for helpless child benefits, it was received. All of this – this is all notwithstanding the fact that not only was there no fee agreement here between Mr. Hamlin and the son, Mr. Hamlin conceded in his opening brief that he didn't do any work with regards to the helpless child benefits under 1314. Well, except to establish the precondition for it. He represented the mother, Your Honor, yes. But I'm still not clear what your answer to my hypothetical is about the mother being uninterested in pursuing the claim. I understand that the mother's entitlement is a condition of his getting the benefits, but could the helpless child go in on his own and say, My mother is entitled to benefits. She doesn't want to claim them, but she would be entitled to them if she did claim them, and I'd like to get my helpless child benefits. Can he do that? Under 1313, yes, he can, Your Honor. He can go in and say, I'm entitled to DIC benefits, notwithstanding the fact that my mother is still alive and uninterested, and I would like to recover those benefits. Well, I'm talking about after his majority, after he's passed 18. After he's reached majority, according to the language of the statute, he has to have been eligible for DIC benefits. Which can only be established if the mother pursues it, is what you're saying. After majority, he's not even entitled. If all of this happened once he reached majority, he's not entitled to DIC benefits in any case, even if his mother brings them in. I understand, but I'm still unclear about whether he has an independent right to pursue this, or whether he has to rely on the mother to establish the basic right to DIC benefits. Does he have to wait for the mother to do it, or can he do it himself? He can do it himself, Your Honor. He can do it under, then it's not under 1311, it's under 1313. And the difference is? The difference is 1311 states that if there's a surviving spouse and there's a child, there's additional benefits that are paid to the surviving spouse. Right. 1313 says that if there's – I believe it, and I don't want to quote the language of that number for sure, but I believe it says there is no surviving spouse. I don't think it carves out the exception for – So is your answer that if there is a surviving spouse, she's the only one who can go in and establish the right to dependency and indemnity compensation benefits? Is that correct? Is Mr. Carpenter right about that? It's correct, Your Honor, to the – it is correct to – again, to the extent that if he's a minor and there's a surviving spouse who's eligible for these DIC benefits, he's automatically entitled to them as well. But you're not answering my question. My question is she doesn't want to go in and do it. And if she did, he would be entitled to it, but she doesn't want to do it. Can he pursue it on his own, or does he have to go through his mother? He can do it on his own by establishing, one, he's a minor child, or two, that he's incapable of self-support, which is what 1314a says. He's entitled to DIC and he can establish that he is incapable of self-support. It doesn't necessarily say that he's already receiving his DIC benefits, only that he's entitled to them because 1313 states that a child can receive DIC benefits paid directly to him. Can he go in and establish the widow's right to compensation, which is a predicate to his right to compensation, or does he have to rely on his mother to do that? Can he establish his own individual right? Yes, he can. The condition of his right is that she had a right, correct? A condition of his right, not necessarily. Under 1314a, it doesn't say anything about a surviving spouse's right to help his child benefits. It just says if a child is entitled to DIC. Well, that's a situation in which there is no surviving spouse, right? The express language doesn't say. It just says if the child is… I don't understand your position. I'm sorry. Just try it this way. Suppose the mother is a crack addict and she's a surviving spouse. And the welfare department's got some kid who is entitled to these funds. Can that child say, my mother isn't going to do this, not because she's a millionaire, but because she just doesn't understand what's going on? Could that child then have a right to those benefits regardless of whether the mother wants to do it or not? Not because she's rich, but not because she's under guardianship, but because she's just not available. Well, to answer your question, 1313 doesn't specifically say if a parent is uninterested in receiving benefits. 1313 does say that if there is no surviving spouse, the child can establish his right to DIC on his own. So to answer your question, Judge Dyke, according to the language of 1314 and 1311, a child where there is a surviving spouse would be reliant on her first establishing those benefits. He would have to rely on her first doing it. Right. Correct. That doesn't change the fact that his benefits under 1314 as a helpless child are an entirely different claim than those that were previously received under 1311. And the Carpenter case that Mr. Carpenter referred to, I think, clearly emphasizes that point. The Carpenter case said that where there is a claim, it encompasses everything else that's raised by the evidence or the relevant statutes. Now, the initial benefits that were paid to the surviving spouse under 1311 required only showing that the veteran died while he was in the care of his VA hospitalization. There's nothing in the record stating that at any point in the initial denial of those DIC benefits or the granting of those benefits in 1996, there's nothing in the record to indicate that Mr. Hanlon or anyone else presented any evidence regarding the son's incapacity or inability to, I believe the language is that, his inability to take care of himself in the future. That was only established in a separate ratings decision in 1997. But wouldn't – doesn't that make sense? I mean, it seems to me that your interpretation, at least, of the statute is trying to direct people into what they can't do, what they can do. What if they made the decision? I mean what if there was – because my hypothetical where you had a fee agreement and this adult child agreed that whatever he gets as a result of this initial proceeding, he'll pay 20% as well. You're saying the VA wouldn't have recognized that because it wasn't after a board decision. Well, why in this case couldn't they have made a determination? In the first case, they're going to try to go for the survivor stuff. Why do they have to argue two cases rather than one since the first is a prerequisite for the second in any event? So they make a decision. They go for the survivor stuff, the prerequisite to the helpless child. They win that with the board ultimately. And then they want to pursue the helpless child. And you're saying you can't possibly get attorney's fees for that portion of it because you chose not to adjudicate it at the get-go. Well, I'm saying the statute doesn't allow the attorney to correct attorney's fees directly from the Department of Internal Affairs because the idea is that the initial board proceeding isn't complicated or complex enough to require an attorney to receive fees based on a contingent basis. There's nothing saying that the family or the adult son can't enter into some sort of separate agreement that says, given the fact that you helped me establish these benefits in front of the board, I'm going to pay you 20%. All the statute says is the DVA cannot pay directly to the attorney if there's no final board decision if the claim is initially granted to the beneficiary based on the initial decision by the VA. Thank you. Thank you. Mr. Farquhar. I don't believe I have anything else unless there's any questions. I covered everything you needed to know. Okay. Thank you. Thank you.